Friday, July 28, 2023

A letter for Judge Gergel's consideration:

My name is Drew Tripp, a journalist documenting the broader criminal saga involving the fraud schemes of Alex Murdaugh and his alleged co-conspirators Russell Laffitte and Cory Fleming.

I'm writing regarding a Thursday, July 27, filing in USA v. Laffitte by Laffitte's counsel (Document No. 304) moving to seal the defense's presentencing memorandum and requests for downward variance in his sentence.

While I respect the reasoning and necessity behind U.S. Courts' longstanding practice of keeping presentence reports confidential, I do have qualms with the Defense using that standard and precedent to justify sealing its sentencing memorandum entirely.

I'm incredulous at Counsel's reasoning for requesting a blanket seal of the document, specifically their claims "redaction is not practical" and "the document does not relate to any important historical public event."

Beginning with the relation to historical public interest, it feels disingenuous to downplay public stake in the fate of Russell Laffitte, who has been well established in Your Honor's court as a chief enabler and willing co-conspirator to one of the most depraved and notorious criminals in state history.

Given the reprehensible nature of the crimes in question, it's rather insulting to the Public's intelligence. Laffitte's crimes continue to have a broad sympathetic impact on public and consumer trust beyond the direct impacts of his exploits on his victims.

However, I do understand the confidentiality concerns relating to the memo's contents ultimately are the more important factor for your decision. Privacy of the suspect and his family are still to be protected, as are investigative information, investigative resources,  government work products and opinions.

Thus, I suppose the scope of necessary redactions could exceed feasibility when the option of a blanket seal exists. Still, the public interest cannot be totally discounted when weighed against protecting the defendant's privacy.

Redacting names and affairs of his family members and other sensitive personal information would not seem such a drastic undertaking if those details are included by Counsel in good faith. Rather, too often in my 17-year career I've seen interested parties try to seek public record exemptions and administer redactions simply to shield themselves from rightful scrutiny, not in faithful interest of true privacy.

I would also point out as someone who deals in public records daily on the receiving side, I find dubious Counsel's position regarding practicality of redaction. It's common in my experience for agencies to make necessary redactions and return a requested document within a single work shift or the following business day. Again, scale and scope are concerns for longer documents, but Counsel knows well what potentially sensitive information is in its well-crafted sentencing memorandum, thus reasonably could make redactions in reasonable time.

Lastly — and perhaps most importantly — Counsel in their motion for a blanket seal cites the case United States v. Harris, claiming the Fourth Circuit's decision there supports Counsel's motion to seal here. However, review of the Court's actual ruling in Harris doesn't jibe with the true aim of Laffitte's Counsel.

Judges Gregory, Keenan and Floyd ruled "Harris should have been allowed to submit his full sentencing memorandum to the court in aid of his defense, under seal, and he should have been required to submit a redacted version that is publicly accessible. We therefore reverse the district court's denial of Harris's motion to seal his sentencing memorandum and remand for the filing of a redacted version of the memorandum for public records."

The Fourth Circuit demonstrated relief options do exist addressing Defendant Laffitte's very concerns while also serving public interest. Yet, this is documented in case text Laffitte's own Counsel cites as reason not to do so? This seems disjointed and not a strongly reasoned request.

Therefore, I humbly request Judge Gergel to weigh heavily these factors and deny Defendant Laffitte's Counsel's motion to seal their sentencing memorandum without offering a redacted or otherwise sanitized version for public scrutiny.

Drew Tripp
Executive Producer
WCIV-TV ABC News 4
Mount Pleasant, SC
C: (843) 599-9814