IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 9:22-658-RMG |
| | ) | |
| Russell Lucius Laffitte, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's motion to seal the entirety of his 33-page sentencing memorandum and 35 pages of character letters relating to Defendant's impending sentencing. (Dkt. No. 304). The Government consents to the filing of the sentencing memorandum and attachments under seal. (*Id*. at 2). The Court initially granted Defendant's motion to seal to facilitate the filing of the sentencing memorandum and to provide public notice of the motion to afford a reasonable opportunity for the public to respond to the motion to seal. (Dkt. No. 305). *See In re Knight Publishing Co*., 743 F.2d 231, 235 (4th Cir. 1984). The Court has received a filing from a media representative objecting to the sealing of the memorandum in its entirety because of the broad public interest in the circumstances leading to Defendant's conviction. (Dkt. No. 307).

It is well settled that the public's common law right to inspect judicial records and documents is not absolute and the court may, in its discretion, seal documents if the public's right to access is outweighed by competing interests. *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 598 (1978). In the Fourth Circuit's seminal judicial records decision, *In re Knight Publishing Company*, trial courts were directed in addressing motions to seal to weigh such factors as "whether the records are sought for an improper purpose, such as promoting public

1

scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." 743 F.2d at 235. Trial courts were further directed to consider less drastic alternative than sealing an entire document. *Id.*

The Fourth Circuit addressed in *United States v. Harris*, 890 F.3d 480 (4th Cir. 2018), the very issue before the Court—whether it is proper to seal a defendant's sentencing memorandum. The *Harris* court noted that a sentencing memorandum often contains highly personal and confidential information concerning a defendant and his family, including mental health history, the identity of family members, and whether the defendant has cooperated in the prosecution of others. Where such information is contained in a sentencing memorandum, *Harris* directs that a defendant should be allowed to file his sentencing memorandum under seal and to file a redacted version of the sentencing memorandum on the public record which omits information the court has determined, on balance, should not be placed on the public record. 890 F.3d at 492.

The Court has now had the opportunity to review the Defendant's sentencing memorandum and supporting documents and finds that portions of these documents should remain under seal while the balance of the memorandum and supporting documents should be filed on the public record. Following the guidance provided by *Harris* and *In re Knight Publishing Company*, the Court grants in part and denies in part Defendant's motion to seal, as follows:

1.  The Court directs that the following remain under seal:

    A.  Dkt. No. 306 at 2, line 6, the sentencing beginning with "He" and extending to page 3, line 4, ending with the word "for";

    B.  Dkt. No. 306 at 25, beginning with subparagraph (b) and extending to page 27 with the sentence ending "range";

        C.        Dkt. No. 306 at 30, first paragraph, line 4, beginning with "Mr. Laffitte" and ending at line 7 with "him"; and

        D.        Dkt. No. 306-1 at 2-11, 16-17, 25.

2. The balance of the sentencing memorandum and attachments (Dkt. Nos. 306 and 306-1) shall be filed on the public docket, with the specific items set forth in Paragraph 1 redacted. Defendant is directed to file the redacted sentencing memorandum on the public docket on or before 5:00 p.m. on July 31, 2023.

**AND IT IS SO ORDERED**.

        s/ Richard Mark Gergel
        Richard Mark Gergel
        United States District Judge

July 31, 2023
Charleston, South Carolina