IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 9:22-cr-00658-RMG |
| | ) |
| v. | ) |
| | ) |
| RUSSELL LUCIUS LAFFITTE | ) |

## PRELIMINARY ORDER OF FORFEITURE AS TO RUSSELL LUCIUS LAFFITTE

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Russell Lucius Laffitte ("Laffitte", "Defendant"), based upon the following:

1. On September 20, 2022, a Second Superseding Indictment ("Indictment") was filed charging Laffitte with:

   Count 1: Conspiracy to commit wire fraud and bank fraud, in violation of 18 U.S.C. §§ 1343, 1344, and 1349;

   Count 2: Bank fraud, in violation of 18 U.S.C. § 1344;

   Count 3: Wire fraud, in violation of 18 U.S.C. § 1343; and,

   Counts 4-6: Misapplication of bank funds, in violation of 18 U.S.C. § 656.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Laffitte's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

> Proceeds/ Forfeiture Judgment[1]:
>
> A sum of forfeiture equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Indictment, that is, a minimum of $400,000.00 in United States currency, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to his violations of Title 18.

3. On November 22, 2022, a jury found Laffitte guilty of all charged counts in the Indictment.

4. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2), and 28 U.S.C. § 2461(c).

5. The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offenses for which Laffitte has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all rights, title, and interest of the Defendant, Russell Lucius Laffitte, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2. FORFEITURE IS ORDERED against Laffitte and in favor of the United States for $85,854.73, along with appropriate costs and interest thereon at the rate

---

[1] The government is pursuing a $85,854.73 forfeiture judgment which represents the loss amount attributed to the Defendant.

provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the forfeiture judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed forfeiture judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the personal forfeiture judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/Richard M. Gergel_____
RICHARD M. GERGEL
UNITED STATES DISTRICT JUDGE

August 2, 2023
Charleston, South Carolina